IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PENSON FINANCIAL SERVICES, INC.   :
                                  :
        v.                        :    CIVIL NO. CCB-09-3014
                                  :
AARON HOLLAND                     :

. . . . oo0oo . . . .

## MEMORANDUM

On November 12, 2009, Penson Financial Services, Inc. ("Penson") filed an application to confirm a FINRA arbitration award against Aaron Holland. Mr. Holland, who is representing himself, served a "Statement of Answer" on Penson's counsel. While Mr. Holland did not file a copy with the court, Penson's counsel attached a copy to his Reply, and Mr. Holland's statement will be considered. Because Mr. Holland provides no basis to deny confirmation of the award, however, Penson's application will be granted as further explained below.

As Penson correctly contends, judicial review of arbitration awards is extremely limited under the law. "A court must determine only whether the arbitrator did his job – not whether he did it well, correctly, or reasonably, but simply whether he did it." *PPG Indus. Inc. v. Int'l Chem. Workers Union Council*, 587 F.3d 648, 652 (4th Cir. 2009) (internal quotation marks omitted). A court may "vacate an arbitration award only upon a showing of one of the grounds listed in the Federal Arbitration Acct, or if the arbitrator acted in manifest disregard of law." *Apex Plumbing Supply, Inc. v. U.S. Supply Co.*, 142 F.3d 188, 193 (4th Cir. 1998).

Mr. Holland presents three arguments in opposition to Penson's application. First, he questions the mental competency of one of the arbitrators; second, he states that one of the arbitrators was replaced a day before the hearing and he was not given an option in deciding who the next arbitrator would be; third, he explains that he would prefer to have a jury trial. None of these arguments are sufficient to justify denying confirmation of the award.

The award arose from a dispute between Mr. Holland and Penson about Mr. Holland's alleged failure to pay a debit balance in his account with Penson. Arbitration was sought by Penson under the terms of a Combined Customer Account Agreement, signed by Mr. Holland in 2007, that advised in several places in large type:

> BY SIGNING BELOW, THE UNDERSIGNED AGREES
> TO ALL TERMS OF THE COMBINED CUSTOMER
> AGREEMENT PRINTED ON THIS DOCUMENT . . . .
> PARAGRAPH 8 ON THIS DOCUMENT CONTAINS A
> PRE-DISPUTE ARBITRATION CLAUSE.

Applic., Ex. B. The Agreement also explained in large type that the parties were giving up their right to sue each other in court and to have a jury trial. *Id.*, p. 7 at ¶ 8.

Penson sought $214,661.101 in compensatory damages as well as interest, attorneys' fees, and costs. After a final hearing before three arbitrators in Baltimore, Maryland, on September 30, 2009, Penson was awarded the full amount of compensatory damages but without interest, fees, or costs. *See* Applic., Ex. A, Award in Case No. 08-03597.

Against that background, Mr. Holland's arguments will be considered in turn. First, his concern about one of the arbitrator's mental fitness appears to rest on that individual's alleged inability to operate a tape recorder and the fact that he "barely spoke" during the hearing. These allegations, even if true, do not demonstrate misconduct, partiality, fraud or any sufficient lack of qualifications to justify setting aside the award under the statute. *See* 9 U.S.C. § 10(a). Nor is there any indication that he objected to the arbitrator's qualifications prior to or during the hearing. *See Cook Indus., Inc. v. C. Itoh & Co.*, 449 F.2d 106, 108 (2d Cir. 1971) (discussing that a party with "knowledge of facts possibly indicating bias or partiality on the part of an arbitrator" waives his objection to the arbitrators' award on this ground because of his silence). Second, replacement of an arbitrator is permitted under FINRA arbitration rules, *see* FINRA Code of

Arbitration Procedure Rule 12411, and Mr. Holland has not shown that he objected to the replacement or that the replacement resulted in any prejudice to him.  Finally, Mr. Holland waived his right to jury by entering into the customer agreement and therefore cannot request one now. *See Sydnor v. Conseco Fin. Servicing Corp.*, 252 F.3d 302, 307 (4th Cir. 2001) (noting that "the loss of the right to a jury trial is a necessary and fairly obvious consequence of an agreement to arbitrate") (internal quotation marks omitted).

Accordingly, a separate Order will be entered granting Penson's application and confirming the arbitrators' award as required by law.


<u>February 18, 2010</u>                              <u>       /s/                                              </u>
      Date                                         Catherine C. Blake
                                              United States District Judge